UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENIS MATOS PAREDES,

      Petitioner,

    v.                                        Case No.:  2:26-cv-01131-SPC-DNF

WARDEN, FLORIDA SOFT SIDE
DETENTION CENTER *et al.*,

      Respondents,

                                    /

## OPINION AND ORDER

Before the Court are Denis Matos Paredes's Motion to Enforce Court Order and for Immediate Release (Doc. 11) and the government's response (Doc. 13).

Matos Paredes, a noncitizen in immigration detention, sought habeas relief from this Court.  He claimed the government unlawfully detained him under 8 U.S.C. § 1225(b)(2), which mandates detention, rather than § 1226(a), which authorizes discretionary detention and entitles detainees to a bond hearing.  On April 28, 2026, the Court agreed and ordered the respondents to either bring Matos Paredes before an immigration judge for a bond hearing within 10 days or release him from custody.

Matos Paredes's motion—mailed on May 7, 2026—states the respondents scheduled a bond hearing for May 1, 2026, but failed to bring him

to immigration court for the hearing.    In response, the government acknowledges that the May 1, 2026 hearing did not occur but states Matos Paredes appeared for a subsequent bond hearing on May 7, 2026, presumably after constructively filing the motion to enforce.  The immigration judge denied bond with a two-word order: "flight risk."  (Doc. 13-2).

The Court's April 28, 2026 order set standards for a bond hearing to ensure Matos Paredes received meaningful relief:

> To satisfy this Order, the hearing must include—**and the resulting order must reflect**—consideration of evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006), and Matos Paredes's counsel must be given at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice. The Court is aware the EOIR is the agency that conducts bond hearings, it is not a party to this action, and it may decide not to hold a hearing that satisfies these requirements. But, to be clear, subjecting Matos Paredes to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Matos Paredes receives a bond hearing that complies with this Order within ten days, they must release him.

(Doc. 7 at 3-4) (emphasis added).  The bond hearing did not comply with the Court's order because the resulting order does not reflect consideration of evidence or the *In re Guerra* factors.  Because Matos Paredes did not receive a bond hearing that complied with the Court's order, the only appropriate habeas relief now is release from custody.

Accordingly, Matos Paredes's post-judgment motion (Doc. 11) is **GRANTED**. The respondents shall release Matos Paredes from custody within 12 hours of this Opinion and Order and give him telephone access so he can arrange transportation from the facility.

**DONE AND ORDERED** in Fort Myers, Florida on May 15, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record

3